# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

—————————————

Nº 08-CV-2258(JFB)(ARL)

—————————————

## PANAM MANAGEMENT GROUP, INC.,

Plaintiff,

VERSUS

## RAYMOND PEÑA, DORIS PEÑA, ELADIO SANCHEZ, YUMA BAY DEVELOPMENT CORPORATION, JUAN CARLOS LOPEZ, BRIGID LENDERBORG, and LENDERBORG LENDING SERVICE,

Defendants.

—————————————

**MEMORANDUM AND ORDER**
August 4, 2011

—————————————

JOSEPH F. BIANCO, District Judge:

Plaintiff Panam Management Group brings this diversity action alleging breach of contract and unjust enrichment. The defendants are Raymond Peña, Doris Peña, Eladio Sanchez, Juan Carlos Lopez (collectively the "individual defendants"), Yuma Bay Development Corporation ("Yuma Bay"), Brigid Lenderborg, and Lenderborg Lending Service.[1]

The individual defendants, who are being sued in their official capacity as officers of

---

[1] Based on a review of the docket sheet, the Lenderborg defendants were never served with either the First Amended Complaint or the Second Amended Complaint.

Yuma Bay, have renewed their motion to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b), arguing that Yuma Bay's corporate veil cannot be pierced under either Dominican or Panamanian law. Plaintiff opposes, relying on New York law. As set forth below, the Court grants the individual defendants' motion to dismiss. Specifically, even if all the allegations in the Second Amended Complaint are accepted as true, the Court concludes that plaintiff cannot pierce Yuma Bay's corporate veil under Panamanian law, which applies in this case. In the alternative, the Court concludes, based upon the allegations in the Second Amended Complaint, that plaintiff cannot pierce Yuma Bay's corporate veil under either Dominican or New York law.

## I. Background

The Court assumes familiarity with its September 14, 2010, Memorandum and Order, which sets out more fully the background of this case. (*See* Docket No. 33.) In part, the September 14, 2010, Memorandum and Order addressed the individual defendants' first motion to dismiss the claims against them in the Second Amended Complaint. The Court concluded that it was unable to determine whether Yuma Bay's corporate veil could be pierced to reach the individual defendants because the parties failed to articulate which jurisdiction's laws should apply to that determination. (*Id*. at 9.) The Court noted that the law of the Dominican Republic might apply because the January 2006 Agreement between plaintiff and Yuma Bay contained a choice-of-law clause. (*Id*.) The Court also indicated that New York's choice-of-law rules pointed to Panamanian law because Yuma Bay was incorporated in Panama. (*Id*.) Finally, the Court noted that there was an exception to New York's choice-of-law rules that would permit the use of New York substantive law where both parties agreed to apply New York law and the standards for veil-piercing were "virtually identical" under New York law and the law that would have otherwise applied. (*Id*. n.8.) The Court thus denied the individual defendants' motion to dismiss without prejudice to renewal. The Court instructed that should they decide to renew their motion to dismiss, the individual defendants had to address the issues of what law should apply and the substantive legal standard of veil piercing under the applicable law.

On December 22, 2010, the individual defendants renewed their motion to dismiss the Second Amended Complaint. Plaintiff filed an opposition brief on April 25, 2011, and the individual defendants filed their reply on June 20, 2011. The Court has fully considered the submissions and arguments of the parties.

## II. Standard of Review

When a Court reviews a motion to dismiss for failure to state a claim for which relief can be granted, it must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters*., 448 F.3d 518, 521 (2d Cir. 2006). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court recently clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth a two-pronged approach for courts deciding a motion to dismiss. 129 S.Ct. 1937 (2009). The Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. Second, if a complaint contains "well-pleaded factual allegations, a court

should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949 (internal citations omitted) (quoting and citing *Twombly*, 550 U.S. at 556–57).

## III. DISCUSSION

For the reasons set forth below, plaintiff's claims against the individual defendants must be dismissed. As an initial matter, Panamanian law applies to the issue of veil-piercing. However, in an abundance of caution, the Court concludes that Yuma Bay's corporate veil cannot be pierced under Panamanian, Dominican, or New York law.

### A. Choice-of-Law

The individual defendants argue that Dominican law should apply to the issue of veil-piercing based on the choice-of-law clause in the January 2006 Agreement. In the alternative, they argue that Panamanian law should apply. Plaintiff, on the other hand, asserts that New York law should apply because: (1) all the transactions under the January 2006 Agreement took place in New York; (2) the individual defendants cannot rely on Panamanian law "for protection" because Yuma Bay did not renew its corporate registration in Panama; and (3) the individual defendants also cannot rely on Dominican law because Yuma Bay petitioned the Dominican Court to refer to arbitration a dispute filed by

plaintiff in the Dominican Republic. (Pl.'s Opp. at 2, 5.) The Court concludes that Panamanian law of veil-piercing must be applied.

As an initial matter, the Court finds unpersuasive plaintiff's argument that the individual defendants cannot rely on Panamanian law because Yuma Bay did not renew its corporate registration in Panama. Plaintiff does not point to any statutes or caselaw in support of its argument. The individual defendants admit that Yuma Bay did not pay its annual corporate registration fee in Panama in 2008, 2009, and 2010. (Defs.' Reply at 3.) However, as the individual defendants point out, under Panamanian Law No. 49 of September 17, 2009, a company is not automatically dissolved under Panamanian law until it fails to pay the annual registration fee for ten consecutive years. (Defs.' Reply at 4.)[2] Thus, Yuma Bay remains a corporation registered under the laws of Panama and can therefore rely on Panamanian law to the extent it is applicable.[3]

---

[2] This Court can rely on the individual defendants to provide the relevant excerpts of Panamanian law even without reliance on expert testimony. *See infra* Section III.B.

[3] Plaintiff's argument for why Dominican law cannot be applied–namely, that the individual defendants waived any ability to rely on Dominican law because Yuma Bay petitioned the Dominican Court to refer to arbitration a dispute filed by plaintiff in the Dominican Republic–is similarly unavailing. The suit in the Dominican Republic on which plaintiff relies was filed by plaintiff against Yuma Bay. (Pl.'s Opp. Ex. A.) Plaintiff did not include the individual defendants in that suit. Yuma Bay, not the individual defendants, requested that the case be referred to

The Court concludes that Panamanian law must apply to the issue of veil-piercing based on New York's choice-of-law rules. "Federal courts exercising diversity jurisdiction apply the choice-of-law rules of the forum state, here New York, to decide which state's substantive law governs." *Celle v. Filipino Reporter Enterprises Inc.*, 209 F.3d 163, 175 (2d Cir. 2000). New York's choice-of-law doctrine dictates that "the law of the state of incorporation determines when the corporate form will be disregarded." *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995). This is so because "the state of incorporation has the greater interest in determining when and if that insulation is to be stripped away." *Kalb, Voorhis & Co. v. Am. Fin. Corp.*, 8 F.3d 130, 132 (2d Cir. 1993). The law of the state of incorporation applies to the veil-piercing analysis even if there is a choice-of-law provision in a contract that governs the relationship between the parties. *Id.* ("The choice of law provision in the debentures are irrelevant. The issue is the limited liability of shareholders of a corporation–not Circle K's obligations under the debentures. The law of the state of incorporation determines when the corporate form will be disregarded . . . .").

In this case, it is apparent that Yuma Bay is incorporated in the Republic of Panama. Thus, Panama's veil-piercing doctrine is controlling in this case. *See, e.g., Id.*; *Time Warner Cable, Inc. v. Networks Grp., LLC*, No. 09 Civ. 10059(DLC), 2010 WL 3563111, at *4 (S.D.N.Y. Sept. 9, 2010) ("Networks and TMG were both incorporated in Colorado. Therefore, applying New York's choice of law rules, the law of Colorado governs the plaintiff's veil-piercing claim. The plaintiff's argument that the law of New York should govern because it was chosen by the parties to govern the Programming Agreement is rejected."); *Impulse Mktg. Grp., Inc. v. Nat'l Small Bus. Alliance*, No. 05-CV-7776 (KMK), 2007 WL 1701813, at *7 (S.D.N.Y. June 12, 2007) ("The Contract's choice of law provision applies only to construction and interpretation of the Contract, not to all collateral claims arising from the Contract."); *Rondout Valley Cent. Sch. Dist. v. Coneco Corp.*, 339 F. Supp. 2d 425, 440 (N.D.N.Y. 2004) ("The Agreement's choice of law clause should not govern the piercing the corporate veil analysis because that issue is distinct from the formation and interpretation of the Agreement itself.").

In sum, the Court concludes Panamanian law applies here. However, in an abundance of caution, the Court addresses veil-piercing under Panamanian, Dominican, and New York laws, all of which lead to the conclusion that Yuma Bay's corporate veil cannot be pierced in this case.

B. Piercing the Corporate Veil

Under Federal Rule of Civil Procedure 44.1, which "controls determinations of foreign law in federal court[,] . . . the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence" in determining foreign law. *Bigio v. Coca-Cola Co.*, No. 97 Civ. 2858(BSJ), 2010 WL 3377503, at *4 (S.D.N.Y. Aug. 23, 2010); Fed. R. Civ. P. 44.1. Courts may conduct "their own independent research to determine foreign

_____

arbitration pursuant to the arbitration clause in the January 2006 Agreement. The dispute filed in the Dominican court system was referred to arbitration before the ICC. (*Id.* at 7.)

law[,] . . . [but] the party claiming foreign law applies carries . . . the burden of proving foreign law to enable the district court to apply it in a particular care." *Bigio*, 2010 WL 3377503, at \*4 (citation omitted) (citing *Baker v. Booz Allen Hamilton, Inc.*, 358 F. App'x 476, 481 (4th Cir. 2009)); *see also Alfadda v. Fenn*, 149 F.R.D. 28, 34 (S.D.N.Y. 1993) (the burden is on the party relying on foreign law). Either oral or written testimony from expert witnesses who are "not required to meet any special qualifications" is the "basic mode of proving foreign law" *Bigio*, 2010 WL 3377503, at \*4, though such reports "are not necessary . . . to carry the[] burden of establishing aspects of foreign law." *In re Alstom SA Sec. Litig.*, 253 F.R.D. 266, 291 (S.D.N.Y. 2008). However, "[t]he purpose of expert testimony . . . is to aid the Court in determining the content of the applicable foreign law-not to apply it to the facts of the case. Furthermore, the Court is not obliged to credit the parties' partisan application of the governing law." *Bigio*, 2010 WL 3377503, at \*4. The Court may also rely on the decisions of other courts in its analysis of foreign law. *See In re Alstom SA Sec. Litig.*, 253 F.R.D. at 291.[4]

### 1. Panamanian Law

The individual defendants have satisfied their burden of demonstrating that veil-piercing is not available in this case under Panamanian law. Under Law No. 32 of February 26, 1927 (which relates to shareholder liability), in conjunction with Section 444 of the Commercial Code of the Republic of Panama, "shareholders, directors and officers are not liable to pay with their personal assets for their rights and obligations acquired by the corporation, regardless of whether they acted on behalf of the corporation." (Defs.' Mem. Ex. E at 4 (Legal Opinion from Cedabo Cedeño Abogados).) Specifically, Section 444 states:

> Directors shall not assume any personal liability for the corporation's obligations, but they shall be liable personally or jointly and severally, as the case may be, to the corporation and to third parties: for the validity of the payments made by the shareholders, for the real existence of the dividends decided, for the good management of the accounting and, in management for the good or bad performance of their mandate and any violation of any law, the Article of Incorporation, the Bylaws or any resolution by the General Meeting. . . . Liability may only be demanded based on a resolution by the Shareholders' General Meeting.

(*Id*. at 4-5.) According to the expert opinion provided by the individual defendants,

> Panamanian legislation does not provide for mechanisms to pierce the Corporate Veil . . . . [U]nder exceptional circumstances [Panama's] Supreme Court of Justice has allowed it . . . [where] a corporation has been used for the sole purpose of defrauding third parties or violating the law, thus resulting in a case of abuse of the

---

[4] The Court notes that plaintiff has failed to provide any evidence regarding Panamanian or Dominican law on veil-piercing, whether in the form of expert reports or otherwise.

legal personality. . . . The criterion used by [the courts] to pierce the corporate veil always has, as a common denominator, the fact that the [shareholders or directors] have not respected the legal entity, as well as the breach of the principle of the separation of personalities, in order to thus punish those hiding behind it.

(*Id*. Ex. E at 6-7 (quotation marks omitted).) According to the Supreme Court of Justice, piercing of the corporate veil "is an exceptional measure that is only admissible on a provisional basis for purposes of interim relief . . . ." (*Id*. at 7.) In sum, the corporate veil may be pierced under Panamanian law where it is demonstrated that directors or shareholders controlled and used the corporation for the sole purpose of perpetrating fraud or "violating the law," thereby abusing the corporate form and hiding behind it to avoid liability.

Plaintiff has failed to allege conduct that rises to the level of abuse of the corporate form as required under Panamanian law to pierce the corporate veil. In the Second Amended Complaint ("SAC") plaintiff does not make any allegations of fraud against the individual defendants or Yuma Bay. Nor does plaintiff allege in the SAC that Yuma Bay was a corporation solely created for the purpose of perpetrating fraud or otherwise violating the law. In its opposition papers, plaintiff asserts that Yuma Bay misrepresented: (1) that it was a "corporation legitimately registered to do business in any jurisdiction"[5]; (2) that it had

the "corporate formalities including legal status and corporate capacity and capitalization" (where allegedly Yuma Bay's bank account, address, email and phone number belonged to the individual defendants and corporate funds were funneled "through to Defendants' trade company"); and (3) that it actually owned land in the Dominican Republic, which belonged to the individual defendants. (Pl.'s Opp. at 4.) Plaintiff attaches various documents to its opposition papers that allegedly support plaintiff's assertions. As an initial matter, the Court cannot consider allegations and documents clearly outside of the pleadings on a motion to dismiss. However, even if these allegations are true, they are insufficient to pierce the corporate veil under Panamanian law.

First, these alleged misrepresentations do not suggest that the individual defendants "have not respected the legal entity" and breached the "principle of the separation of personalities" to perpetrate fraud. In fact, the allegations in plaintiff's opposition largely focus on misrepresentations by Yuma Bay without explaining how the individual defendants were involved in the alleged misrepresentations.[6] Second,

Mem. Ex. E at 9 (Legal Opinion of Cedabo Cedeño Abogados).)

[6] Plaintiff's sole allegation against the individual defendants is that they "did not disclose to Plaintiff that [Yuma Bay] was not legally able to do business in the State of Florida, New York, nor the Dominican Republic." (Pl.'s Opp. at 4.) First, this statement is entirely conclusory. Second, it is at least partially incorrect because Yuma Bay was able to do business in the Dominican Republic. *See infra* note 9. In any event, it does not suggest that Yuma Bay was created for the sole purpose of

[5] As noted *supra*, Yuma Bay was, in fact, a corporation registered to do business in Panama despite the fact that it had not renewed its corporate registration three years in a row. (*See also* Defs.'

plaintiff does not allege in its opposition papers that Yuma Bay was created for the sole purpose of perpetrating fraud.[7] In sum, the Court concludes that Yuma Bay's corporate veil cannot be pierced under Panamanian law because plaintiff has failed to either allege that Yuma Bay was created for the purpose of perpetrating fraud or that the individual defendants abused the corporate form to perpetrate that fraud. *Cf. Cantley v. Ducharme*, No. 09-23424, 2011 WL 611623, at *3, *6-7 (S.D. Fla. Feb. 15, 2011) (where plaintiff alleged that the individual defendants committed fraud and conversion, which the court determined could constitute a tort under Panama's Article 1644, the corporate veil could be pierced under Panamanian law to sustain claims against the individual defendants "who, within the course of soliciting and negotiating a contract on a corporation's behalf, without being part of the contract, make false representation with the intent to induce a party to enter into a contract with the corporation, if harm is caused to the party induced to enter into said contract, due to the wilful conduct or negligence of an individual inducing the harmed party to enter into said contract.")

## 2. Dominican Law

Yuma Bay's corporate veil also cannot be pierced under Dominican law. The individual

_____

perpetrating fraud.

[7] The individual defendants assert that all of the allegations made by plaintiff in its opposition are false, citing to and attaching documents outside of the SAC. As noted above, the Court cannot consider matters outside of the pleadings on a motion to dismiss. However, even if plaintiff's allegations were true, they are insufficient to pierce the corporate veil for the reasons stated above.

defendants provided two reports from Dominican attorneys explaining Dominican law on veil-piercing. According to both reports, this Court has to look to the Commercial Code of the Dominican Republic of 2006, the year the January 2006 Agreement was executed. (Defs.' Mem. Ex. C at 2 (Legal Opinion of José Gregori Cabrera Cuello), Ex. D at 2 (Legal Opinion from E&M International Consulting, S.A.).) Under Section 32 of the Commercial Code of 2006, Board Members "do not assume, by reason of management, any personal or joint-and-several obligation related to the company's commitments" so that they "may not be deemed to be personally liable, whether for their management of or jointly and severally, for the contractual and/or financial commitments of the company, even if such board members have acted as the[] company's attorneys-in-fact or legal representatives." (*Id*. Ex. C at 2; *see also id*. Ex. D at 2.)[8] While Law No. 479-08 enacted on December 12, 2008 provides for piercing the corporate veil in cases of fraud, among others, the law is not retroactive and is "only applicable to any legal relationship formed or situation that in fact took place" after the enactment of the new veil-piercing law. (*Id*. Ex. D at 2; Defs.' Mem. at 5; Defs.' Reply Ex. C at 1.) Since the conduct complained of, along with the signing of the January 2006, Agreement, took place prior to the enactment of law No. 479-08 (SAC ¶¶ 12-20; Pl.'s Opp. at 4), that law is inapplicable to this case. (*See also* Defs.' Mem. Ex. C at 1-2, Ex. D at 2.) Nor did

_____

[8] Additionally, under Section 33 of the Commercial Code of 2006, shareholders "are only liable for the loss of the capital they hold in the company." (*Id*. Ex. C at 2; *see also id*. Ex. D at 2.)

plaintiff argue in its opposition papers that the 2008 law should apply here. In fact, plaintiff did not discuss Dominican law at all. Thus, it is apparent that the corporate veil cannot be pierced in this case under Dominican law.[9]

### 3. New York Law

Finally, plaintiff cannot pierce Yuma Bay's corporate veil under New York law. "Generally . . . piercing the corporate veil requires a showing that: (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in the plaintiff's injury." *Morris v. N.Y. State Dep't of Taxation and Fin.*, 623 N.E.2d 1157, 1160-61 (N.Y. 1993). Factors to be considered in assessing complete domination include:

(1) the absence of the formalities and paraphernalia that are part and parcel of the corporate existence, *i.e.,* issuance of stock, election of directors, keeping of corporate records and the like, (2) inadequate capitalization, (3) whether funds are put in and taken out of the corporation for personal rather than corporate purposes, (4) overlap in ownership, officers, directors, and personnel, (5) common office space, address and telephone numbers of corporate entities, (6) the amount of business discretion displayed by the allegedly dominated corporation, . . . (8) whether the corporations are treated as independent profit centers, (9) the payment or guarantee of debts of the dominated corporation by other corporations in the group, and (10) whether the corporation in question had property that was used by other of the corporations as if it were its own.

*Wm. Passalacqua Builders, Inc. v. Resnick Dev. S. Inc.*, 933 F.2d 131, 139 (2d Cir. 1991). To satisfy the second prong set out in *Morris*, plaintiff must demonstrate "1) the existence of a wrongful or unjust act toward that party, and 2) that the act caused that party's harm." *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Services, Inc.*, 386 F. Supp. 2d 461, 465 (S.D.N.Y. 2005).

Plaintiff cannot satisfy these requirements based upon plaintiff's allegations in the Second Amended Complaint. As noted above, plaintiff does not allege fraud or domination by the individual defendants in the SAC.

---

[9] To the extent plaintiff is suggesting that Yuma Bay's failure to pay its corporate registration fees in Panama somehow affects its ability to rely on the laws of the Dominican Republic, that argument is without merit. "The expiration of the main company's registration in Panama does not affect its branch in the Dominican Republic unless the Company is declared dissolved in Panama or decides itself to proceed with the dissolution." (Defs.' Reply Ex. C at 2 (Memorandum from Jimenez Cruz Peña Abogados).) As noted above, under Panamanian law, Yuma Bay is not dissolved at this time. Furthermore, under Dominican law, there is no special provision for piercing the corporate veil where the parent corporation has not complied with registration fees in its country of incorporation. (*Id.* at 2-3.) Furthermore, the fact that Yuma Bay allowed its Certificate of Registry with the Dominican Tax Department to expire in 2008 "does not affect either the validity of the Company, or its operations." (*Id.* at 4.)

Plaintiff's allegations relating to fraud and domination are entirely in its opposition papers, and cannot be considered on a motion to dismiss. In any event, even if the Court considers them and assumes them to be true, plaintiff's reliance on New York's corporate veil-piercing doctrine is misplaced for the same reasons as discussed *supra* with respect to Panamanian law. *See supra* Section III.B.1. In particular, plaintiff has failed to allege "complete domination" with respect to the "transaction attacked." In fact, it is not clear what "transaction" plaintiff is actually taking issue with. On the one hand, plaintiff's SAC and opposition focus on breach of contract but, on the other hand, plaintiff's opposition also alleges fraudulent conduct on the part of Yuma Bay. To the extent plaintiff is suggesting that it was fraudulently induced to enter into the January 2006 Agreement, there are no specific allegations that the individual defendants were somehow involved in the contract negotiations. With respect to claims of fraud, once again there are no allegations that the individual defendants were somehow involved in misrepresenting certain information to plaintiff.

* * *

In sum, the Court concludes that Panama's doctrine on piercing the corporate veil applies in this case. However, in an abundance of caution, the Court finds that plaintiff cannot pierce Yuma Bay's corporate veil under Panamanian, Dominican, and New York law.[10]

---

[10] Plaintiff also argues that it should be permitted to pursue claims against the individual defendants because of damages provisions in the January 2006 Agreement. (Pl.'s Opp. at 3-4.) Plaintiff does not cite any case law for this proposition, simply

## IV. CONCLUSION

For the reasons set forth above, the Court grants the individual defendants' motion to dismiss. The remaining parties shall proceed with discovery at the direction of Magistrate Judge Lindsay.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: August 4, 2011
        Central Islip, New York

* * *

Plaintiff is represented by Edward Robert Adams, Obermayer and Adams, LLP, 225 Broadway, Suite 1400, New York, NY 10007. The moving defendants are represented by Samuel B. Reiner, Reiner and Reiner, P.A., 9100 S. Dadeland Blvd., Suite 901, Miami, FL 33156.

---

referring to various cases explaining how liquidated and other damages are evaluated. Having reviewed the damages provisions in the January 2006 Agreement, namely Section 4.2, the Court does not see a basis for allowing plaintiff to pursue claims against the individual defendants.