UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

PANAM MANAGEMENT GROUP, INC.,

            Plaintiff,

       v.

YUMA BAY DEVELOPMENT CORP.,

            Defendant.

------------------------------------------------------------x

NOT FOR PUBLICATION

**MEMORDANDUM & ORDER**
08-CV-2258 (MKB)

MARGO K. BRODIE, United States District Judge:

On June 5, 2008, James Monahan, on behalf of certain real estate investors, filed the above-captioned action for breach of contract, fraud, and conversion against Raymond Peña, Doris Peña, Eladio Sanchez, Yuma Bay Development Corp., Juan Carlos Lopez, Brigid Lenderborg, and Lenderborg Lending, Services. (Docket Entry No. 1.) James Monahan filed an Amended Complaint on November 25, 2008 against Raymond Peña, Yuma Bay Development Corp., Doris Peña, Eladio Sanchez, and Juan Carlos Lopez. (Docket Entry No. 13.) On August 18, 2009, the Court granted Defendants' motion to dismiss the Amended Complaint for lack of subject-matter jurisdiction. However, because the Court dismissed Monahan's breach of contract claim against Yuma Bay Development Corp. for lack of standing based on failing to name the real party in interest, the Court allowed Monahan to amend the Amended Complaint to substitute Panam Management Group, Inc. ("Panam") as Plaintiff.[1] (Docket Entry No. 27.) On September 15, 2009, Panam and Yuma Bay Real Estate Purchasers filed a Second Amended Complaint (the "Complaint") against Raymond Peña, Yuma Bay Development Corp., Doris Peña, Eladio Sanchez, and Juan Carlos Lopez. (Docket Entry No. 29.) On September 14, 2010,

---

[1] The earlier decisions in the case were entered by United States District Judge Joseph Bianco. The case was transferred to the undersigned on March 29, 2012.

the Court granted Defendants' motion to dismiss the claims asserted by Yuma Bay Real Estate Purchasers. (Docket Entry No. 33.) On August 4, 2011, the Court dismissed the claims against Raymond Peña, Doris Peña, Eladio Sanchez, and Juan Carlos Lopez. (Docket Entry No. 46.) The matter proceeded with the above-captioned parties.[2]

On August 30, 2012, Panam's attorney, Mr. Adams, sought leave to withdraw as counsel for Panam. On September 20, 2012, United States Magistrate Judge Arlene Lindsay held a telephone conference to discuss the motion to withdraw. (Docket Entry No. 59.) Neither Mr. Adams nor Panam's principal, Mr. Munoz, participated in the conference, despite a prior order by Judge Lindsay requiring their appearance. (*Id.*) On October 9, 2012, Judge Lindsay held another status conference, which was attended by both Mr. Adams and Mr. Munoz. (Docket Entry No. 61.) Judge Lindsay informed Mr. Munoz that a corporation may not appear *pro se* and that he must retain new counsel for Panam by October 26, 2012. (*Id.*) On October 26, 2012, Judge Lindsay held another status conference and Mr. Munoz appeared without counsel. (Docket Entries Nos. 62, 63.) Judge Lindsay informed Mr. Munoz that he had until November 6, 2012 to retain new counsel for Panam. (Docket Entries Nos. 62, 63.) Mr. Munoz was warned that if he failed to retain new counsel, the Court would dismiss the Complaint for failure to prosecute pursuant to the factors set forth in *LeSane v. Hall's Security Analyst, Inc.*, 239 F.3d 206 (2d Cir. 2001). (Docket Entries Nos. 62, 63.) No counsel has appeared on behalf of Panam.

On November 20, 2012, Defendant moved to dismiss the Complaint for failure to prosecution. (Docket Entry No. 64.) On December 3, 2012, Judge Lindsay issued a Report and Recommendation, recommending that Plaintiff's action be dismissed pursuant to Rule 41(b) of

---

[2] In each of the amended complaints, Plaintiffs named defendants Brigid Lenderborg and Lenderborg Lending Service. However, these defendants were never served with either of the amended complaints. (*See* Docket Entry No. 46, n.1)

the Federal Rules of Civil Procedure for its failure to prosecute the action. (Docket Entry No. 65.) Panam was ordered to submit any objection to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. (*Id.*) This Court did not receive any objections to the Report and Recommendation.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. New York State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)).

This Court has reviewed the Report and Recommendation, and, finding no clear error, the Court adopts the Report and Recommendation in its entirety pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's complaint is dismissed with prejudice. The Clerk of the Court is directed to enter judgment dismissing this action and closing this case. The Clerk of the Court is also directed to serve a copy of this Memorandum and Order on Plaintiff and to note the service on the docket.

SO ORDERED:

s/ MKB

_____
MARGO K. BRODIE
United States District Judge

Dated: January 11, 2013
      Brooklyn, New York

3